**FILED**

DEC 27 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES EDWARD BEALUM, individually, and doing business as WESTERN ADDITION DRYWALL, <br><br> Defendant. | No. C-04-00758 MJJ <br><br> **ORDER re DEFENDANT'S STATEMENT OF OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

On August 16, 2005, United States Magistrate Judge Elizabeth D. Laporte issued a Report and Recommendation re: Plaintiffs' Motion for Default Judgment (the "R&R"). (Doc. #49.) The R&R recommends that the Court enter judgment in Plaintiffs' favor for $226,048.56 in unpaid contributions and liquidated damages as determined by an audit, $12,354.40 in attorneys' fees, $21,685.05 in audit costs, $335.50 in other costs, for a total of $260,423.51, as well as interest at a rate of 7% on the total amount of unpaid contributions and liquidated damages. (R&R at 8.) In response, Defendant James Edward Bealum has filed a "Statement of Objections to Report and Recommendation on Motion for Default Judgment." (Doc. # 50.) For the following reasons, the Court overrules Defendant's objections and adopts the R&R.

## LEGAL STANDARD

A district court judge may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636 (b)(1)(B) (2005). Within ten days of being served with a copy of the magistrate judge's proposed findings and recommendations, any party may serve and file written objections as provided by the rules of court. 28 U.S.C. § 636 (b)(1)(C). A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. A judge of the court may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge. The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Federal Rule of Civil Procedure 72(b) is akin to 28 U.S.C. § 636(b)(1)(C), and requires the district judge to whom the case is assigned to make a *de novo* determination of those portions of the report, findings, or recommendations to which timely objection is made.

Additionally, Local Rule of Civil Procedure 72-3 states that any objection filed pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(B) must be accompanied by a motion for *de novo* determination, specifically identifying the portions of the magistrate judge's findings, recommendation, or report to which objection is made and the reasons and authority supporting the objection. At the time a party files an objection or response, the party may make a motion for expansion or addition to the record of the proceedings before the magistrate judge or for an evidentiary hearing. Civil Local Rule 72-3(b).

When deciding whether to expand the record, a district court has discretion to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F. 3d 615, 621 (9th Cir. 2000). While Congress clearly indicates that district courts are

required to make *de novo* determinations upon objections, the Court has discretion whether to receive further evidence. *Id.* at 622.

## DISCUSSION

In his Statement of Objections, Defendant first challenges to the R&R on the ground that it "relieves [P]laintiffs of the burden of proving damages appurtenant to the entry of default judgment against [D]efendant." In support, Defendant contends that he submitted his Declaration in opposition to Plaintiffs' Motion for Default Judgment, which he claims set forth "facts establishing that it was more likely than not true that [P]laintiff's 'revised' audit report was flawed and in need of clarification." The Court has reviewed Defendant's Declaration, and agrees with the R&R's finding that Defendant's evidence is inconclusive, lacks specificity, and fails to support his claim that Plaintiffs miscalculated the amounts due from Defendant. The Court therefore overrules Defendant's objection.

Next, Defendant objects to the R&R on the ground that it "permits [D]efendant to be 'sanbagged.'" Specifically, Defendant argues that with respect to the revised audit, Hemming Morse, Inc., the company that conducted the audit, did not submit a declaration "to account for the failure of the vast information submitted to impact the previous audit results." Defendant thus requests that "a declaration be obtained from HMI specifically stating how [D]efendant's claims were resolved and rejected." The Court has considered Defendant's objection and finds no basis to either amend the R&R or require additional documentation from Hemming Morse, Inc. The Court therefore overrules this objection.

Finally, Defendant contends that the court did not provide him with sufficient time to file his opposition to the damages component of Plaintiff's Motion for Default Judgment. Thus, Defendant requests that the Court permit him "to retain an auditor, at his additional expense, to review the same records [P]laintiffs have been provided and to submit the resulting audit report." As indicated above,

3

and set forth in detail in the R&R, Defendant has failed to proffer any credible evidence calling the accuracy of the revised audit, or the amount it determined to be due, into question. Accordingly, the Court denies Defendant's request.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's objections (Doc. #50), and **ADOPTS** the Report and Recommendation (Doc. #49).

**IT IS SO ORDERED.**

Dated: December 27, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE